John M. **LEDFORD** et al., Plaintiffs-Appellants,

v.

**UNITED STATES** of America, Defendant-Appellee.

No. 72-2352.

United States Court of Appeals, Ninth Circuit.

Feb. 20, 1974.

—◆—

Timothy R. Nibler, of Lerrigo, Thuesen, Smith, Walters & Nibler, Fresno, Cal., for plaintiffs-appellants.

Scott P. Crampton, Asst. Atty. Gen., Washington, D. C., Richard V. Boulger, Asst. Atty. Gen., Fresno, Cal., for defendant-appellee.

Before MERRILL, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

█ We agree with the District Court that the purchasers here assumed the loan secured by trust deed during the year 1966, and that under § 453(b)(2)(A)(ii) of the Internal Revenue Code of 1954 and Treasury Regulation § 1.453–4(c) reporting of the sale on the installment method was not available to appellants as sellers.

The record indicates that the escrow agreement provided that the purchasers were to assume the mortgage as a condition precedent to the closing of escrow in 1966. The fact that one payment of principal and interest remained to be made by the seller the following year (it actually was prepaid prior to close of escrow) does not mean that the purchasers' assumption of the balance was deferred until after that payment. The question is not when payments were due, but when the purchasers legally relieved the sellers of final responsibility to pay off the balance and accepted that responsibility in their stead. Upon termination of the escrow and passing of title in 1966 the respective obligations of the sellers and the purchasers were fixed in accordance with the escrow agreement.

Unlike the situation in Ludlow v. Commissioner of Internal Revenue, 36 T.C. 102 (1961), upon which appellants rely, the taxpayers were paid by the purchasers exactly as intended. Their receipt of an amount in excess of 30 per cent. of the purchase price was not the result of mathematical error.

█ We agree with the Government that appellants have not preserved their contention respecting an increase in basis for purpose of determining gain on the sale. This issue was belatedly injected into the case as an alternative to appellants' contentions respecting assumption of the loan obligation and entitlement to the installment method of reporting. Motions of the respective parties for summary judgment were not directed to the basis contention and it was not considered by the District Court in granting judgment. No motion for new trial presented the issue to the District Court prior to appeal. We decline to consider it here.

Judgment affirmed.